UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-00034-FL-4

**United States of America**,

v.

**Marc Benjamin Skinner**,

        Defendant.

**Order**

On February 3, 2015, a Grand Jury indicted Defendant Marc Benjamin Skinner and three co-defendants on one count of conspiracy to distribute and possess with intent to distribute cocaine, crack, heroin, and marijuana in violation of 21 U.S.C. § 841(a)(1). Ahead of his arraignment, Skinner has filed a variety of motions: a Motion for Disclosure of All 404(b) Evidence (D.E. 122); a Motion to Disclose Promises and Inducements (D.E. 123); a Motion to Disclose Prior Records of Government Witnesses (D.E. 124); a Motion for Sequestration of Witnesses (D.E. 125); a Motion for Discovery of Favorable Evidence (D.E. 126); a Motion for Early Release of *Jencks* Material (D.E. 127); a Motion for Inculpatory Statements (D.E. 128); a Motion to Exclude in Custody Statements of Co-Conspirators (D.E. 129); and a Motion to Preserve Evidence (D.E. 30). The Government has responded to these motions (D.E. 131, 132, 133, 134) and they are ripe for disposition.

**I.     Motion for Disclosure of All 404(b) Evidence**

Skinner seeks an order requiring the Government to give notice of its intent to introduce evidence that falls under Rule 404(b) of the Federal Rules of Evidence. D.E. 122. In response, the Government contends that Skinner's motion should be denied as moot because it will produce the requested documents and information no later than seven days before trial. D.E. 131.

Skinner requests that the court direct the Government "to advise defendant of any evidence it intends to offer at trial pursuant to Fed. R. Evid. 404(b)." D.E. 122 at 1. However, under Rule 404(b)(2), a defendant is only entitled to receive "reasonable notice of the general nature of any [Rule 404(b)] evidence that the prosecutor intends to offer at trial…." Fed. R. Evid. 404(b)(2)(A). The Government represents to the Court that it will comply with its obligations under Rule 404(b) no later than one week before trial. D.E. 131 at 1.

Therefore, Skinner's request regarding Rule 404(b) evidence (D.E. 122) is granted in part and denied in part. The Government is ordered to notify Skinner of the general nature of any Rule 404(b) evidence it intends to offer at trial no later than seven days before the date trial is scheduled to begin.

II.     **Motions for *Brady* and *Giglio* Information**

In a series of motions, Skinner seeks information that he claims he is entitled to under *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Giglio*, 405 U.S. 150 (1972), and their progeny. D.E. 123, 124, 126, 128, 130. Under *Brady*, the Government has an affirmative obligation to produce evidence that is "both favorable to an accused and 'material to either guilt or punishment.'" *United States v. Bagley*, 473 U.S. 667, 674 (1985); *Brady*, 373 U.S. at 87. The Government must also disclose evidence that could potentially be used to impeach or discredit a Government witness. *Giglio*, 405 U.S. at 154. This evidence must be produced "in time for its effective use at trial." *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985); *see United States v. Jeffers*, 570 F.3d 557, 573 (4th Cir. 2009).

The Government acknowledges its obligations to provide *Brady* and *Giglio* materials in a timely manner. D.E. 129 at 2–3, 152 at 3–4. Furthermore, the Government represented to the court that it has already produced over 4,900 pages of materials to the Defendants; will produce

additional relevant documents as this matter moves forward; and will produce criminal histories, plea agreements, promises of consideration, and inconsistent statements, if any, "in time to put the information to effective use at trial." D.E. 152 at 3. Additionally, although the Government is not required to produce statements which fall under the Jencks Act prior to trial, it represents that it will do so no later than one week before trial. *Id.*

In light of the Government's actions to date and its representations to the court, "[t]he court credits the government's assertion that it will disclose all exculpatory and impeachment evidence in time for its effective use at trial," *United States v. Howard*, No. 5:12–CR–9–D, 2012 WL 2525625, at *3 (E.D.N.C. June 29, 2012) (citing *Smith Grading*, 760 F.2d at 532). Therefore, the motions seeking early disclosure of *Brady* and *Giglio* materials are granted in part and denied in part (D.E. 123, 124, 126, 128, 130). The Government shall produce *Brady* and *Giglio* materials on a prompt, ongoing basis and shall disclose all materials required to be disclosed under those doctrines no later than seven days before the date trial is scheduled to begin.

**III. Motion for Sequestration of Witnesses**

In anticipation of trial, Skinner seeks an order requiring the sequestration of the Government's witnesses and prohibiting the Government from discussing the trial testimony of witnesses with other individuals who may testify at trial. D.E. 125. In response, the Government requests that Skinner's witnesses also be subject to a sequestration order and that it be allowed to designate one witness to remain in the courtroom for the duration of the trial. D.E. 133.

Skinner seeks the exclusion of all of the Government's witnesses from the trial except for a designated case agent. He also requests that the court prohibit the Government and its case agent from discussing trial testimony with any other witness it may call during the trial. The

3

Government does not oppose the sequestration of its witnesses, but requests that Skinner's witnesses be sequestered as well. The Government also indicates that it may seek an exemption from the sequestration order at a later date so that its expert witness may attend some or all of the trial.

The Federal Rules of Evidence require that, upon the request of a party, the court exclude witnesses from the trial so that they cannot hear the testimony given by other witnesses. Fed. R. Evid. 615. However, the court may not exclude certain categories of people, including "a party who is a natural person" or a designated officer or employee of a party that is not a natural person. *Id.* at 615(a), (b). Therefore, the court orders that all witnesses that may be called by Skinner and the Government, other than the defendants and a case agent designated by the Government, shall be excluded from the courtroom during the trial.

The court will also limit the witnesses' ability to discuss the case with others, but not to the extent Skinner requests. The Fourth Circuit has explained that "lawyers are simply not subject to the Rule." *United States v. Rhynes*, 218 F.3d 310, 316 (4th Cir. 2000). As a result, "sequestration orders prohibiting discussions between witnesses should, and do, permit witnesses to discuss the case with counsel for either party…." *Id.* at 317. Therefore, witnesses subject to this sequestration order are prohibited from discussing their testimony or the testimony of other witnesses with anyone other than counsel for the parties.

The court, therefore, grants in part and denies in part Skinner's motion seeking sequestration of witnesses (D.E. 125). All witnesses that may be called by Skinner and the Government, other than the defendant and a case agent designated by the Government, shall be excluded from the courtroom during the trial. Witnesses subject to this sequestration order are

4

prohibited from discussing their testimony or the testimony of other witnesses with anyone other than counsel for the parties.

IV. **Motion for Early Release of *Jencks* Material**

Skinner requests that the court order the Government disclose of material covered by the Jencks Act, 18 U.SC. 3500, no later than 15 days before trial (D.E. 127). However, the Jencks Act provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena [sic], discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. 3500(a). The Fourth Circuit Court of Appeals has explained that in light of the language of the statute, a "district court may not require the government to produce Jencks Act material relating to one of its witnesses until after the witness has testified." *United States v. Lewis*, 35 F.3d 148, 151 (4th Cir. 1994).

Although a district court may not require early disclosure of *Jencks* material, the Government may voluntarily disclose the requested documents and information prior to trial. *Id.* In this case, the Government has represented that it will disclose *Jencks* material no later than seven days prior to trial. D.E. 132 at 5. While this representation is not legally binding, the Government is no doubt aware of the consequences attendant to failing to honor commitments made before the court.

In light of the plain language of the statute and the Fourth Circuit's holding in *Lewis*, Skinner's motion for early disclosure of Jencks Act materials is denied (D.E. 127).

V. **Motion to Exclude in Custody Statements of Co-Conspirators**

In a one-paragraph motion, Skinner requests that the Court "exclude the admission of statements made to law enforcement officer(s) after the conclusion of the alleged conspiracy and the arrest of the alleged co-conspirators" pursuant to *Bruton v. United States*, 391 U.S. 123, 126 (1968) (D.E. 129). In *Bruton*, the Supreme Court held that "where a nontestifying codefendant's

5

confession implicates the defendant, a jury instruction is inadequate as a matter of law to protect the defendant's Confrontation Clause rights." *United States v. Locklear*, 24 F.3d 641, 645 (4th Cir. 1994). However, as the Government notes, there are a number of variables a court must take into consideration before determining whether testimony implicates *Bruton*. D.E. 134 *passim*. So, although Skinner may be entitled to have certain evidence excluded under *Bruton*, his limited submission does not establish that he is entitled to the blanket exclusion he seeks at this time. Therefore, Skinner's motion is denied without prejudice to his raising the issue at trial (D.E. 129).

## VI. Conclusion

As discussed above, the court orders as follows:

1. Skinner's motion regarding Rule 404(b) evidence (D.E. 122) is granted in part and denied in part. The Government is ordered to notify Skinner of the general nature of any Rule 404(b) evidence it intends to offer at trial no later than seven days before the date trial is scheduled to begin.

2. Skinner's motions regarding *Brady* and *Giglio* materials (D.E. 123, 124, 126, 128, 130) are granted in part and denied in part. The Government shall produce *Brady* and *Giglio* materials on a prompt, ongoing basis and shall disclose all materials required to be disclosed under those doctrines no later than seven days before the date trial is scheduled to begin.

3. Skinner's motion seeking sequestration of witnesses (D.E. 125) and the Government's request regarding the same are granted. All witnesses that may be called by Skinner and the Government, other than the defendant and a case agent designated by the Government, shall be excluded from the courtroom during the trial. Witnesses subject to this

sequestration order are prohibited from discussing their testimony or the testimony of other witnesses with anyone other than counsel for the parties.

4. Skinner's motion for early disclosure of *Jencks* material (D.E. 127) is denied.

5. Skinner's motion to exclude statements of co-conspirators (D.E. 129) is denied without prejudice to his raising the issue at trial.

Dated: February 2, 2016.

*Robert T. Numbers II*

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE